John D. Bennett, S.
In this accounting proceeding the petitioner alleged facts indicating that Wallace, one of four adult sons, the only persons interested in the estate under the decedent’s will, has intentionally concealed himself, refused upon request to give his address because he was fearful that information would be disclosed to his wife whom he had allegedly deserted. The petition and the citation here consequently prayed that Wallace’s interest be charged with the extra expenses thereby incurred.
The attorney for the proponent was required to conduct a diligent search to locate Wallace in the probate proceeding, resulting in publication and the appointment of a guardian ad litem to represent Wallace’s interests. The papers then submitted showed that Wallace had “ disappeared ” some time before his mother died on December 28, 1965, but that he had telephoned one of his brothers a month before stating that he was then in California but would not divulge any information as to his residence as he was avoiding an order issued in 1962 by the Family Court requiring him to support his wife and children.
By affidavit filed in the instant proceeding it is now shown that after the probate and on or about May 10, 1967, Wallace again telephoned one of his brothers and again refused to divulge his address for the same reason. It is thus confirmed that he was alive during and subsequent to the probate proceedings.
It was necessary again for the court to appoint a guardian ad litem in the accounting proceeding who now dutifully, tak *1099 ing the part of Wallace, resists the imposition of the penalty requested on the ground that there is no “ direct or conclusive ’ ’ proof that, if alive, Wallace has intentionally avoided the court’s jurisdiction. He does, however, concede the facts above recited.
The extended searches and procedures in this estate, including publication and appointment of the guardians ad litem to represent Wallace, would not have been necessary but for his concealment. The circumstantial evidence points to the conclusion that his conduct was intentional and that it frustrated the other parties in interest to their financial detriment. By the specific authorization of SOPA 2301 (formerly Surrogate’s Ct. Act, § 276), the court may and it now does grant costs or an allowance to be made payable by Wallace personally or out of his share or interest to the extent of the aforesaid publication charges and to the fees of the guardians ad litem. These are . partly shown in Schedule C of the amended account as $50 to the probate guardian ad litem and $134 to publication. An affidavit should be submitted by the accountant’s attorneys to show the probate publication charges.
The fee of the present guardian ad litem is hereby fixed in the sum of $250. The total expenses aforementioned shall be inserted in the decree on this accounting and charged against the share due to Wallace. If any balance is due to him it shall be paid into court pursuant to SCPA 2218.